# EXHIBIT "A"

Case 8:21-cv-01865-JLS-DFM Document 1-1 Filed 11/11/21 Page 2 of 29 Page ID #:14
Electronically Filed by Superior Court of California, County of Orange, 09/22/2021 03:23:40 PM.
30-2021-01222491-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PERNOD RICARD USA, LLC, a Delaware corporation; and DOES
1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAELLA PARLOR, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. ¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Orange County Superior Court | *(Número del Caso)* 30-2021-01222491-CU-OE-CJC |
| Central Justice Center, 700 Civic Center Drive, Santa Ana 92701 | Judge Stephanie George |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andranik Tsarukyan, Remedy Law Group, 610 E. Providencia Ave., Unit B Burbank, CA 91501,
(818) 422-5941

| DATE: *(Fecha)* 09/22/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* Skeeter Berry | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010))*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Andranik Tsarukyan (SBN 258241)
    Armen Zenjiryan (SBN 261073)
2   Patricia Lynne Mitchell (SBN 216224)
    REMEDY LAW GROUP LLP
3   610 East Providencia Avenue, Unit B
    Burbank, CA 91501
4   Tel: (818) 422-5941
    Andy@remedylawgroup.com
5   Armen@remedylawgroup.com
    Patti@remedylawgroup.com
6
    Attorneys for Plaintiff
7   MICHAELLA PARLOR

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              FOR ORANGE COUNTY

10                                                      **Assigned for All Purposes**
                                                        Judge Stephanie George

11   MICHAELLA PARLOR, an individual,            )   Case No.: 30-2021-01222491-CU-OE-CJC
12                                               )
                    Plaintiff,                   )   **COMPLAINT FOR DAMAGES FOR:**
13              v.                               )
                                                 )   1.   **DISCRIMINATION IN VIOLATION
14   PERNOD RICARD USA, LLC, a Delaware          )        OF THE FAIR EMPLOYMENT AND
     corporation; and DOES 1 through 10, inclusive, )    HOUSING ACT;**
15                                               )
                    Defendants.                  )   2.   **DISCRIMINATION IN VIOLATION
16                                               )        OF THE CALIFORNIA FAMILY
                                                 )        RIGHTS ACT;**
17                                               )
                                                 )   3.   **FAILURE TO PROVIDE A
18                                               )        REASONABLE ACCOMMODATION
                                                 )        IN VIOLATION OF THE FAIR
19                                               )        EMPLOYMENT AND HOUSING ACT;**
                                                 )
20                                               )   4.   **FAILURE TO ENGAGE IN A GOOD
                                                 )        FAITH INTERACTIVE PROCESS IN
21                                               )        VIOLATION OF THE FAIR
                                                 )        EMPLOYMENT AND HOUSING ACT;**
22                                               )
                                                 )   5.   **FAILURE TO PREVENT
23                                               )        DISCRIMINATION AND
                                                 )        RETALIATION IN VIOLATION OF
24                                               )        THE FAIR EMPLOYMENT AND
                                                 )        HOUSING ACT;**
25                                               )
                                                 )   6.   **RETALIATION IN VIOLATION OF
26                                               )        THE FAIR EMPLOYMENT AND
                                                 )        HOUSING ACT;**
27                                               )
                                                 )   7.   **WRONGFUL TERMINATION IN
28                                               )        VIOLATION OF PUBLIC POLICY;**

                                              1

8.   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

9.   **WHISTLEBLOWER RETALIATION IN VIOLATION OF LABOR CODE § 1102.5; AND**

10.   **WAITING TIME PENALTIES IN VIOLATION OF LABOR CODE § 203**

**[DEMAND FOR TRIAL BY JURY]**

1.   PLAINTIFF MICHAELLA PARLOR ("PLAINTIFF" or "MICHAELLA"), an individual, hereby submits this Complaint for Damages against PERNOD RICARD USA, LLC ("PERNOD"), a Delaware corporation; and DOES 1 through 10, inclusive (collectively, "DEFENDANTS"), and each of them, and alleges as follows:

**JURISDICTION**

2.   This Court is the proper Court, and this action is properly filed in Orange County because DEFENDANTS' obligations and liability arise therein, because DEFENDANTS maintain offices and transact business within Orange County, and because the work that is the subject of this action was and is performed by PLAINTIFF in Orange County.

**THE PARTIES**

3.   PLAINTIFF is and at all times relevant hereto was a resident of the State of California, Orange County.

4.   PERNOD is and at all times relevant hereto is a California corporation, existing, doing business and employing individuals in Orange County, State of California.

5.   PERNOD was PLAINTIFF's employer within the meaning of Government Code §§ 12926(d), 12940 (a), (h), (l), (h) (3) (A) and (i), and 12950, and regularly employs five (5) or more persons and is therefore subject to the jurisdiction of this Court.

6.   The true names and capacities, whether individual, corporate, associate, or otherwise of the DEFENDANTS named herein as DOES 1-10, inclusive, are unknown to PLAINTIFF at this time

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   and therefore said DEFENDANTS are sued by such fictitious names.  PLAINTIFF will seek leave to

2   amend this Complaint to insert the true names and capacities of said DEFENDANTS when the same

3   become known to PLAINTIFF.  PLAINTIFF is informed and believes and thereupon alleges that each

4   of the fictitiously named DEFENDANTS is responsible for the wrongful acts alleged herein and is

5   therefore liable to PLAINTIFF as alleged hereinafter.

6       7.      PLAINTIFF is informed and believes, and based thereupon alleges, that at all times

7   relevant hereto, DEFENDANTS, and each of them, were the agents, employees, managing agents,

8   supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the

9   other DEFENDANTS, and each of them, and in doing the things alleged herein, were acting at least in

10  part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego

11  status, and/or joint venture and with the permission and consent of each of the other DEFENDANTS.

12      8.      PLAINTIFF is informed and believes, and based thereupon alleges, that DEFENDANTS,

13  and each of them, including those DEFENDANTS named DOES 1-10, acted in concert with one another

14  to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one

15  another in the wrongful acts alleged herein, and/or attempted to do so.  PLAINTIFF is further informed

16  and believes, and based thereupon alleges, that the DEFENDANTS, and each of them, including those

17  DEFENDANTS named as DOES 1-10, formed and executed a conspiracy or common plan pursuant to

18  which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part

19  of and pursuant to said conspiracy, intended to and actually causing PLAINTIFF harm.

20      9.      Whenever and wherever reference is made in this Complaint to any act or failure to act

21  by a DEFENDANT or co-DEFENDANT, such allegations and references shall also be deemed to mean

22  the acts and/or failures to act by each DEFENDANT acting individually, jointly and severally.

23                      **ALTER EGO, AGENCY, AND JOINT EMPLOYER**

24      10.     PLAINTIFF is informed and believes, and based thereon alleges, that there exists such a

25  unity of interest and ownership between PERNOD and DOES 1-10 that the individuality and

26  separateness of DEFENDANTS have ceased to exist.

27

28

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    11.    PLAINTIFF is informed and believes, and based thereon alleges that despite the
2    formation of purported corporate existence, DOES 1-10 are, in reality, one and the same as PERNOD,
3    including, but not limited to because:

4         a.    PERNOD is completely dominated and controlled by DOES 1-10, who personally
5    violated the laws as set forth in this complaint, and who have hidden and currently hide behind
6    PERNOD to circumvent statutes or accomplish some other wrongful or inequitable purpose.

7         b.    DOES 1-10 derive actual and significant monetary benefits by and through
8    PERNOD's unlawful conduct, and by using PERNOD as the funding source for their own personal
9    expenditures.

10        c.    PLAINTIFF is informed and believes that PERNOD and DOES 1-10, while really
11   one and the same, were segregated to appear as though separate and distinct for purposes of
12   circumventing a statute or accomplishing some other wrongful or inequitable purpose.

13        d.    PLAINTIFF is informed and believes, and based thereon alleges, that the business
14   affairs of PERNOD and DOES 1-10 are, and at all times relevant were, so mixed and intermingled that
15   the same cannot reasonably be segregated, and the same are in inextricable confusion. PERNOD is, and
16   at all times relevant hereto was, used by DOES 1-10 as a mere shell and conduit for the conduct of
17   certain of DEFENDANTS' affairs, and is, and was, the alter ego of DOES 1-10. The recognition of the
18   separate existence of PERNOD would not promote justice, in that it would permit DEFENDANTS to
19   insulate themselves from liability to PLAINTIFF for violations of the Government Code, Labor Code,
20   and other statutory violations. The corporate existence of PERNOD and DOES 1-10 should be
21   disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and
22   injustice to PLAINTIFF herein.

23   12.    Accordingly, PERNOD constitutes the alter ego of DOES 1-10, and the fiction of their
24   separate corporate existence must be disregarded.

25   13.    As a result of the aforementioned facts, PLAINTIFF is informed and believes, and based
26   thereon alleges that PERNOD and DOES 1-10 are PLAINTIFF's joint employers by virtue of a joint
27   enterprise, and that PLAINTIFF was an employee of PERNOD and DOES 1-10. Plaintiff performed
28   services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS,

1   and all DEFENDANTS shared control of PLAINTIFF as an employee, either directly or indirectly, in
2   the manner in which DEFENDANTS' business was and is conducted.

## FACTUAL ALLEGATIONS

14.     On October 14, 2019, PLAINTIFF was hired as a Market Activation Manager by
PERNOD. PLAINTIFF earned approximately $90,000 per year with annual bonuses.

15.     PLAINTIFF is a female.

16.     PLAINTIFF is Black and Mexican.

17.     During the course of her employment, PLAINTIFF was a competent, diligent, and
hardworking employee.

18.     During her employment, PLAINTIFF was directly and indirectly supervised by General
Manager Brian Mequet ("Mr. Mequet") and Market Activation Director Hannah O'Leary ("Ms.
O'Leary")

19.     On August 7, 2020, PLAINTIFF received her annual performance evaluation where she
received stellar reviews. More specifically, PLAINTIFF earned a "Fully Achieves Expectation" rating
and received 100% of her bonus.

20.     On or about September 28, 2020, Ms. O'Leary informed PLAINTIFF that she needed to
step into her professional role effective October 4, 2020, because Ms. O'Leary was leaving the team to
join the Absolut brand team in Sweden. More importantly, PLAINTIFF was informed that she would
need to report directly to Mr. Mequet.

21.     PLAINTIFF pushed back on this new role because she did not feel ready for the new
position. Ms. O'Leary reassured PLAINTIFF that she was ready and pushed this new role on
PLAINTIFF despite her reservations.

22.     On October 2, 2020, PLAINTIFF visited her physician because PLAINTIFF discovered a
lump on her breast. PLAINTIFF was very concerned about this because PLAINTIFF has a history of
breast cancer in her family.

5

23.     Following her October 2, 2020 appointment, PLAINTIFF returned to her physician on several days for additional exams.  During this period, PLAINTIFF continued working her normal job schedule and did not use any PTO.

24.     On November 4, 2020, PLAINTIFF received a letter from her radiologist confirming that there were complications with her lump.  More specifically, PLAINTIFF learned that additional tests would need to be conducted to determine next steps.

25.     At this point, Mr. Mequet had been PLAINTIFF's Line Manager for about a month and did not have a very supportive relationship.  For instance, PLAINTIFF did not feel comfortable talking to Mr. Mequet about sensitive and personal issues because they did not have a good rapport and he was approximately 30 years her senior.

26.     On November 5, 2020, PLAINTIFF emailed Mr. Mequet and Ms. O'Leary that she needed to take PTO the following day.

27.     Shortly after, Human Resources Business Partner Sarah Hain ("Ms. Hain") contacted PLAINTIFF.  During the call, PLAINTIFF broke down and explained to Ms. Hain the cancer scare she had been going through.  Moreover, PLAINTIFF explained that she did not feel comfortable disclosing this information to Mr. Mequet because they had just started working together and did not feel comfortable.

28.     On November 6, 2020, the next day, PLAINTIFF emailed Ms. O'Leary, Mr. Mequet, and Ms. Hain, and informed them that she planned to take additional PTO in the coming weeks to deal with a personal health-related issue.

29.     On November 9, 2020, Mr. Mequet acknowledged PLAINTIFF's November 6, 2020 email and intent to take some PTO.

30.     On November 12, 2020, PLAINTIFF met with Mr. Mequet to discuss her weekly MAT duties.  PLAINTIFF noted that she felt better and refreshed following some time-off, but Mr. Mequet failed to acknowledge and/or follow up with PLAINTIFF.

31.     Later that day, Ms. Hain reached out to PLAINTIFF to follow up about her time off request and overall well-being.  During the call, Ms. Hain assured PLAINTIFF that taking time off

1  would not be viewed negatively and/or affect her professional growth because not only was it unethical,
2  it was also illegal.

3      32.    In fact, Ms. Hain suggested that PLAINTIFF reach out to ComPsych, which is
4  PERNOD's therapy resource. PLAINTIFF followed through with this and reached out to ComPsych on
5  November 16, 2020.

6      33.    On November 13, 2020, Mr. Mcquet asked PLAINTIFF to call him to discuss her request
7  to take time off. During the call, Mr. Mequet became very defensive and reprimanded PLAINTIFF for
8  allegedly not informing Mr. Mequet, first, about her medical condition and, second, for sending an email
9  to everyone, including Human Resources. In other words, Mr. Mequet was upset that he was not
10 personally informed about PLAINTIFF'S medical condition before anybody else at PERNOD. As
11 PLAINTIFF had anticipated, Mr. Mequet did not offer any support. Instead, Mr. Mequet created a
12 hostile and discriminatory work environment and gave PLAINTIFF a hard time for requesting time off
13 relative to her health. Mr. Mequet also stated that PLAINTIFF's work and projects would "take a hit"
14 and suggested that taking time off would impact PLAINTIFF's ability to grow within PERNOD.

15     34.    In response, PLAINTIFF called Ms. O'Leary and complained about Mr. Mequet.

16     35.    On November 18, 2020, PLAINTIFF and Mr. Mequet met to discuss her monthly PDP.
17 During this meeting, Mr. Mequet complained that PLAINTIFF had not been meeting deliverables since
18 June 2020, which completely contradicts PLAINTIFF's performance evaluation. Mr. Mequet then
19 stated: "It's not what you do! It's how you're getting it done!"

20     36.    On December 5, 2020, PLAINTIFF started taking Prozac to alleviate the emotional
21 distress she was experiencing as a result of the discrimination and harassment.   Two days later,
22 PLAINTIFF attended her first therapy session with Dr. Veronica Montes.

23     37.    In early January 2021, PLAINTIFF returned to work, and it is clear that Mr. Mequet had
24 said and/or done things within PERNOD to try to undermine PLAINTIFF and erode her professional
25 reputation withing PERNOD.

26     38.    In fact, Mr. Mequet in retaliation had been leaving PLAINTIFF off calls regarding
27 projects that were considered PLAINTIFF's brands, including Jameson and Altos.

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

39.     Upset by this update and hesitant to make a further complaint with Human Resources, PLAINTIFF reached out to the PERNOD Noir Group, a black employee resource group forum, to seek some sort of support for what was going on, including the retaliation and discrimination she was experiencing.

40.     On January 15, 2021, PLAINTIFF complained to Ms. Hain from Human Resources about her experiences working under Mr. Mequet, including the hostile work environment, discrimination and retaliation she was experiencing.

41.     A few days later, PLAINTIFF learned that PERNOD was going to restructure her role, and that Mr. Mequet was spearheading this initiative called Project Simba.

42.     Mr. Mequet was promoted to the Vice President of Commercial Marketing.

43.     On January 19, 2021, Ms. Hain followed up with PLAINTIFF and explicitly asked her if she still wanted to move forward with her complaint even though Mr. Mequet's promotion had been confirmed. Michaella said "yes."

44.     On February 1, 2021, following a meeting with Human Resources, Ms. Hain informed PLAINTIFF that her complaints are unfounded, incorrect, and mistaken.

45.     On February 9, 2021, PLAINTIFF emailed Mr. Mequet to discuss the internal investigation. The call was scheduled for February 18, 2021.

46.     On February 15, 2021, Mr. Mequet and Ms. O'Leary informed PLAINTIFF that she was not offered any of the Project Simba positions, and that if PLAINTIFF wanted to remain at PERNOD, PLAINTIFF would need to reapply for one of the newly created roles.

47.     On February 18, 2021, Mr. Mequet met with PLAINTIFF to discuss the internal investigation. Unsurprisingly, Mr. Mequet yelled at PLAINTIFF and reiterated that he had done no wrongdoing and PLAINTIFF's claims were unsubstantiated.

48.     On February 24, 2021, determined to remain at PERNOD, PLAINTIFF sent Mr. Mequet a breakdown of the roles she intended to apply as part of Project Simba.

49.     On March 3, 2021, PLAINTIFF complained to Ms. O'Leary that PLAINTIFF felt a general lack of support by Ms. Hain following the internal investigation.

1    50.    On March 19, 2021, a memo was sent to CEO Ann Mukherjee explaining the different

2    types of discrimination at PERNOD. Notably, the memo referenced PLAINTIFF's experience as an

3    example of discrimination. In response, on March 23, 2021, PLAINTIFF was asked to meet with

4    PERNOD's General Counsel Michelle Cubbon ("Michelle") and TJ Vita ("TJ"). Over the next several

5    weeks, PLAINTIFF complained to Michelle and TJ regarding her experiences with Mr. Mequet and her

6    claims of a hostile work environment, discrimination and retaliation.

7    51.    After an alleged internal investigation, PLAINTIFF was informed that Mr. Mequet

8    allegedly had no influence on whether PLAINTIFF received a role as part of Project Simba, which was

9    inaccurate.

10    52.    On March 30, 2021, PLAINTIFF received severance information, which indicated that

11    her last day of employment would be May 31, 2021. The severance is evidence of retaliation and

12    discrimination and PERNOD's cover-up effort.

13    53.    Following this severance, PLAINTIFF continued applying to various Project Simba

14    positions. Not only was PLAINTIFF rejected, but she was also not offered an interview for the newly

15    created positions. Izzy Hussein, Multicultural Senior Marketing Manager and Hiring Manager for the

16    Marketing Manager position to which PLAINTIFF had applied at PERNOD, told PLAINTIFF that Mr.

17    Mequet was involved in the decision to deny PLAINTIFF the Marketing Manager position.

18    54.    Ultimately, Mr. Mequet discriminated and retaliated against PLAINTIFF and made sure

19    that she did not receive a job interview for any of the newly created Project Simba roles.

20    55.    Adding further insult to injury, on the date of PLAINTIFF's termination, PERNOD

21    willfully failed to pay PLAINTIFF her wages for all unused paid personal days and paid time off she

22    had earned and accumulated during her employment at PERNOD, because PLAINTIFF refused to sign

23    the severance.

24    **FIRST CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF**
**GOV'T CODE §§12940 *ET SEQ*, AGAINST PERNOD RICARD USA, LLC AND DOES 1-10,**
25    **INCLUSIVE**

26    56.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this

27    Complaint as though fully set forth herein.

28    57.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

9

58.     At all times relevant to this action, DEFENDANTS were an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

59.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's disability, perceived disability, and/or medical condition.

60.     At all times relevant to this action, DEFENDANTS unlawfully discriminated against PLAINTIFF, as previously alleged, on the basis of, among other things, disability, perceived disability, and/or medical condition.

61.     PERNOD was substantially motivated to terminate PLAINTIFF because of her disability, perceived disability, and/or medical condition.

62.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

63.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

64.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

65.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully

1 | concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive
2 | her of employment benefits. Accordingly, an award of punitive damages is warranted.

3 |     66.    PLAINTIFF is informed and believes and thereon alleges that the actions of
4 | DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior
5 | approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified
6 | by it as well by the and through its officers, directors, and/or managing agents.

7 |     67.    Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of
8 | attorneys' fees and costs, including expert fees pursuant to the FEHA.

9 | **SECOND CAUSE OF ACTION BY PLAINTIFF FOR DISCRIMINATION IN VIOLATION OF**
10 | **THE CALIFORNIA FAMILY RIGHTS ACT AGAINST PERNOD RICARD USA, LLC AND**
**DOES 1-10, INCLUSIVE**

11 |     68.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this
12 | Complaint as though fully set forth herein.

13 |     69.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

14 |     70.    At all times relevant to this action, PLAINTIFF is informed, believes, and thereon alleges
15 | that PERNOD LLC was an employer who regularly employed fifty or more persons within the meaning
16 | of California Government Code § 12945.2(b)-(c)(2).

17 |     71.    PERNOD unlawfully discriminated against PLAINTIFF because of her medical leave of
18 | absence by terminating PLAINTIFF in violation of California Government Code §§ 12945.2(a),
19 | 12945.2(t), and 12945.2(l).

20 |     72.    PERNOD's decision to terminate PLAINTIFF was substantially motived by her request
21 | for medical leave, as previously pled herein.

22 |     73.    As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer,
23 | substantial losses in earnings and other benefits, and will for a period of time in the future be unable to
24 | obtain gainful employment, as her ability to obtain such employment and earning capacity have been
25 | diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will
26 | seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.
27
28

74.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

75.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

76.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

77.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

78.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE**

79.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

80.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

81.     At all times relevant to this action, DEFENDANT was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

82.  At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's disability and/or being regarded as disabled.

83.  At all times relevant to this action, DEFENDANT unlawfully failed to provide PLAINTIFF reasonable accommodations in violation of California Government Code § 12926(m) despite the fact that it had actual and constructive knowledge of her disability, perceived disability, and/or medical condition, and PLAINTIFF's actual and constructive requests for accommodations.

84.  PERNOD's failure to accommodate PLAINTIFF was substantially motivated by her disability, perceived disability, medical condition, and/or request for leave, as previously pled herein.

85.  As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

86.  As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

87.  As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

88.  PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

89.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

90.     Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE**

91.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

92.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

93.     At all times relevant to this action, PERNOD was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

94.     At all times relevant to this action, PLAINTIFF was a member of a protected class within the meaning of California Government Code §§ 12940(a), 12926(m), because of PLAINTIFF's medical condition, disability and/or being regarded as disabled.

95.     PERNOD unlawfully failed to engage in a timely, good faith interactive process with PLAINTIFF to determine effective reasonable accommodations even though it had actual and constructive knowledge of her medical condition, disability and/or perceived disability, in violation of California Government Code § 12940(n).

96.     PERNOD's failure to accommodate PLAINTIFF was substantially motivated by her medical condition, disability, perceived disability, and/or request for leave, as previously pled herein.

97.     As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

98.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

99.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

100.    PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

101.    PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

102.    Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION BY PLAINTIFF FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE**

103.    PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

104.    At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

105.    At all times relevant to this action, PERNOD was an employer who regularly employed five or more persons within the meaning of California Government Code § 12926(d).

106. California Government Code §§ 12940(k) requires employers to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

107. DEFENDANTS subjected PLAINTIFF to severe and pervasive retaliation and discrimination, but PERNOD took no action.

108. DEFENDANTS, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. In addition, DEFENDANTS, and each of them, failed to remedy such discrimination and retaliation when DEFENDANTS realized and were informed that it was occurring. DEFENDANTS, and each of them, further failed to train, supervise, and monitor their employees and agents.

109. PERNOD's failure to prevent discrimination and retaliation created and encouraged an environment where such discrimination and retaliation was condoned, encouraged, tolerated, sanctioned, and/or ratified.

110. As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

111. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

112. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

113. PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with

1  willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully

2  concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive

3  her of employment benefits. Accordingly, an award of punitive damages is warranted.

4      114.   PLAINTIFF is informed and believes and thereon alleges that the actions of

5  DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior

6  approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified

7  by it as well by the and through its officers, directors, and/or managing agents.

8      115.   Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of

9  attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION BY PLAINTIFF FOR RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE

12      116.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this

13  Complaint as though fully set forth herein.

14      117.   At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

15      118.   At all times relevant to this action, PERNOD was an employer who regularly employed

16  five or more persons within the meaning of California Government Code § 12926(d).

17      119.   At all times relevant to this action, California Government Code § 12900 *et seq.* were in

18  full force and effect and were binding upon PERNOD. These sections, *inter alia*, required PERNOD to

19  refrain from discriminating and retaliating against any employee on the basis of disability, regarding her

20  as disabled.

21      120.   DEFENDANT engaged in conduct that taken as a whole, materially and adversely

22  affected the terms and conditions of PLAINTIFF's employment.

23      121.   PLAINTIFF's assertion of her rights under California Government Code § 12900 *et seq.*

24  and opposition to unlawful conduct was a substantial motivating reason for PERNOD's decision to

25  retaliate against and terminate PLAINTIFF.  PERNOD's conduct was a substantial factor in causing

26  harm to PLAINTIFF as set forth herein.

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   122. At all relevant times to this action, PERNOD unlawfully retaliated against PLAINTIFF,

2 in violation of California Government Code § 12940(h), 12940(m)(2), by, among other things, denying

3 PLAINTIFF's employment.

4   123. PERNOD's retaliatory treatment, including termination of PLAINTIFF's employment,

5 was substantially motivated by PLAINTIFF's disability, regarding her as disabled.

6   124. As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer,

7 substantial losses in earnings and other benefits, and will for a period time in the future be unable to

8 obtain gainful employment, as her ability to obtain such employment and earning capacity have been

9 diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will

10 seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

11   125. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered

12 general damages, as she was psychologically injured. Such injuries have caused, and continue to cause,

13 PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

14   126. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period

15 of time in the future, will be required to employ physicians and incur additional medical and incidental

16 expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF

17 will seek leave of Court to amend this Complaint to set forth the exact amount when it has been

18 ascertained.

19   127. PLAINTIFF is informed and believes, and thereon alleges that the employees, officers,

20 directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their

21 unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with

22 willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully

23 concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive

24 her of employment benefits. Accordingly, an award of punitive damages is warranted.

25   128. PLAINTIFF is informed and believes and thereon alleges that the actions of

26 DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior

27 approval, consent, and authorization of DEFENDA

28

129.   NTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

130.   Pursuant to Government Code § 12965(b), PLAINTIFF requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION BY PLAINTIFF FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE

131.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

132.   At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

133.   At all times relevant to this action, California Government Code § 12900 et seq. was in full force and effect and was binding upon PERNOD.   California Government Code § 12900 et seq. prohibits PERNOD from discriminating or retaliating against an employee who protests discrimination, and from failing to take all reasonable steps necessary to prevent discrimination from occurring.

134.   PERNOD's conduct as previously alleged was in retaliation for PLAINTIFF's assertion of rights under California Government Code § 12900 et seq.

135.   PLAINTIFF's assertion of her rights under California Government Code § 12900 et seq. was a substantial motiving reason for PERNOD's decision to terminate PLAINTIFF.   DEFENDANT's conduct was a substantial factor in causing harm to PLAINTIFF as set forth herein.

136.   California Government Code § 12900 et seq. evinces a policy that benefits society at large, was well-established at the time of PLAINTIFF's discharge, and is substantial and fundamental.

137.   PERNOD's wrongful termination of PLAINTIFF's employment was substantially motivated by her disability, medical condition, need for accommodations, and/or exercise of leave.

138.   As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished.   The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

139.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

140.   As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

141.   PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

142.   PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## EIGHTH CAUSE OF ACTION BY PLAINTIFF FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE

143.   PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

144.   By committing the outrageous and malicious acts and omissions complained of herein, DEFENDANTS knew, or should have known, that this conduct would result in PLAINTIFF's severe emotional distress. Moreover, DEFENDANTS' acts and omissions were perpetrated with the intent of inflicting humiliation, mental anguish, and severe emotional distress upon PLAINTIFF.

145.   As a direct and proximate result of DEFENDANTS' actions and omissions, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a

1  period time in the future be unable to obtain gainful employment, as her ability to obtain such
2  employment and earning capacity have been diminished. The exact amount of such expenses and losses
3  is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the
4  exact amount when it is ascertained.

5    146. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered
6  general damages, as she was psychologically injured. Such injuries have caused, and continue to cause,
7  PLAINTIFF great mental pain and suffering, humiliation, and anguish, in an amount more than this
8  Court's minimal jurisdiction.

9    147. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period
10  of time in the future, will be required to employ physicians and incur additional medical and incidental
11  expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF
12  will seek leave of Court to amend this Complaint to set forth the exact amount when it has been
13  ascertained.

14    148. PLAINTIFF is informed and believes, and thereon alleges that the employees, officers,
15  directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their
16  unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with
17  willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully
18  concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive
19  her of employment benefits. Accordingly, an award of punitive damages is warranted.

20    149. PLAINTIFF is informed and believes and thereon alleges that the actions of PERNOD's
21  employees, officers, directors, and/or managing agents were undertaken with the prior approval,
22  consent, and authorization of PERNOD and were subsequently authorized and ratified by it as well by
23  the and through its officers, directors, and/or managing agents.

24  **NINTH CAUSE OF ACTION BY PLAINTIFF FOR WHISTLEBLOWER RETALIATION
   UNDER CALIFORNIA LABOR CODE § 1102.5 AGAINST PERNOD RICARD USA, LLC**
25  **AND DOES 1-10, INCLUSIVE**

26    150. PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this
27  Complaint as though fully set forth herein.

28    151. At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

152. California Labor Code § 1102.5, subdivision (b), provides that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." (Emphasis added.)

153. At all times herein mentioned California Labor Code § 1102.5 was in effect and binding upon DEFENDANTS, and each of them. Section 1102.5 requires DEFENDANTS to refrain from retaliating against an employee.

154. The constructive discharge caused substantial harm to PLAINTIFF.

155. DEFENDANTS' conduct was a substantial factor in causing PLAINTIFF'S harm.

156. As a direct and proximate result, PLAINTIFF has suffered, and continues to suffer, substantial losses in earnings and other benefits, and will for a period time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

157. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause, PLAINTIFF great mental pain and suffering, in an amount more than this Court's minimal jurisdiction.

158. As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFF, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to PLAINTIFF and PLAINTIFF will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

PLAINTIFF'S COMPLAINT FOR DAMAGES

159.     PLAINTIFF is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of DEFENDANTS acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury, involved, and with willful and conscious disregard for PLAINTIFF's rights. They also acted fraudulently, as they willfully concealed the fact that PLAINTIFF's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

160.     PLAINTIFF is informed and believes and thereon alleges that the actions of DEFENDANTS' employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of DEFENDANTS and were subsequently authorized and ratified by it as well by the and through its officers, directors, and/or managing agents.

## TENTH CAUSE OF ACTION BY PLAINTIFF FOR WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE § 203 AGAINST PERNOD RICARD USA, LLC AND DOES 1-10, INCLUSIVE

161.     PLAINTIFF incorporates by reference all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

162.     At all times relevant to this action, PLAINTIFF was employed by DEFENDANTS.

163.     Pursuant to California Labor Code § 203, subdivision (a), if an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201 and 202, *inter alia*, any wages of an employee who is discharged or who quits, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

164.     Pursuant to California Labor Code § 203, subdivision (b), "[s]uit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages which the penalties arise."

165.     On the date of PLAINTIFF's termination in May 2021, PERNOD willfully failed to pay PLAINTIFF her wages for, including but not limited to, unused paid time off, that she had earned and accumulated during her employment with PERNOD. These actions were in violation of California

23

1 | Labor Code §§ 201 and 202. PERNOD's willful failure to pay all of PLAINTIFF's earned wages
2 | continues to the present.

3 | 166. Based on PERNOD's conduct as alleged herein, PERNOD is liable to PLAINTIFF for
4 | statutory penalties pursuant to California Labor Code § 203. PLAINTIFF is therefore entitled to recover
5 | from PERNOD the statutory penalty wage for each day she has not paid, up to a thirty (30) day
6 | maximum, pursuant to California Labor Code § 203.

7 | <center>**PRAYER FOR RELIEF**</center>

8 | WHEREFORE, PLAINTIFF seeks judgment against DEFENDANTS, and each of them, in an
9 | amount according to proof, as follows:

10 |     1. For a money judgment representing compensatory damages including lost wages,
11 | earnings, commissions, and other employee benefits, and all other sums of money,
12 | together with interest on these amounts; for other general and special damages.

13 |     2. For prejudgment interest on each of the foregoing at the legal rate from the date the
14 | obligation became due through the date of judgment on this matter.

15 |     3. For costs of suit, attorneys' fees and costs pursuant to the Labor Code.

16 |     4. For post-judgment interest.

17 |     5. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA.

18 |     6. For any other relief as the Court deems just and proper.

19 |

20 | DATED: September 22, 2021           REMEDY LAW GROUP LLP

21 |

22 |         By:

23 |            Andranik Tsarukyan
           Armen Zenjiryan
           Patricia Lynne Mitchell

24 |

25 |            Attorneys for Plaintiff
           MICHAELLA PARLOR

26 |

27 |

28 |

<center>24
**PLAINTIFF'S COMPLAINT FOR DAMAGES**</center>

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial of all causes of action and claims with respect to which she has a right to jury trial.

DATED: September 22, 2021     REMEDY LAW GROUP LLP

By:          

Andranik Tsarukyan
Armen Zenjiryan
Patricia Lynne Mitchell

Attorneys for Plaintiff
MICHAELLA PARLOR

Electronically Filed by Superior Court of California, County of Orange, 09/23/2021 03:32:00 PM.
30-2021-01222491-CU-OE-CJC - ROA # 8 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Duarte, Deputy C **CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*<br>Andranik Tsarukyan (258241) Armen Zenjiryan ( 261073) Patricia Mitchell (216224)<br>REMEDY LAW GROUP<br>610 E. Providencia Ave., Unit B<br>Burbank, CA 91501 | **FOR COURT USE ONLY** |
| **TELEPHONE NO.:** (818) 422-5941    **FAX NO.:** | |
| **ATTORNEY FOR** *(Name):* Plaintiff, MICHAELLA PARLOR | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
    **STREET ADDRESS:**
    **MAILING ADDRESS:** 700 Civic Center Drive
    **CITY AND ZIP CODE:** Santa Ana 92701
    **BRANCH NAME:** Central Justice Center

**CASE NAME:**

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** 30-2021-01222491-CU-OE-CJC |
|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **JUDGE:** Judge Stephanie George<br>**DEPT:** C24 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) |    condemnation (14) |    above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) |    types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☒ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Ten (10)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 23, 2021

Patricia Lynne Mitchell
_____   ▶   _____
    (TYPE OR PRINT NAME)                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

                                                         Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**